# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| VIACHESLAV ZHUKOV, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. CV416-157 <br> CR414-196 |

## REPORT AND RECOMMENDATION

Viacheslav Zhukov, who pled guilty to violating 50 U.S.C. § 1705 (Conspiracy to violate the International Emergency Economic Powers Act), CR414-196, doc. 48, has filed a second 28 U.S.C. § 2255 motion, this time seeking application of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) and *Welch v. United States*, ___U.S.___, 136 S. Ct. 1257 (2016) to his case. Doc. 70. This Court is preliminarily screening it under 28 U.S.C. § 2255 Rule 4.

Normally, successive-writ movants must knock on the appellate court's door.[1]  However, the Court dismissed Zhukov's first § 2255 motion without prejudice because his direct appeal was still pending, so it was unripe.  Doc. 63, *adopted*, doc. 66.  Hence, his current motion is not successive.  *Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir.1999) ("When an earlier habeas corpus petition was dismissed without prejudice, a later petition is not 'second or successive' for purposes of § 2244(b)."), quoted in *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014).  But the Court also warned him that "[h]e faces sanctions . . . if he files any more frivolous motions like this."  Doc. 63 at 3.

Zhukov's current § 2255 motion is sanctionably frivolous.  The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both."  It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious

---

[1] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

2

potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *Id.*, 135 S. Ct. at 2557.

Zhukov's case has *nothing* to do with the ACCA, nor *Johnson*. His sentence was *not* ACCA-enhanced. *See* doc. 43 (Judgment & Sentence); Presentence Investigation Report; doc. 50 (sentencing transcript). The statute he violated is 50 U.S.C. § 1705(a) ("It shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this chapter."), and it packs this penalty:

> A person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids or abets in the commission of, an unlawful act described in subsection (a) shall, upon conviction, be fined not more than $1,000,000, or if a natural person, may be imprisoned for not more than 20 years, or both.

50 U.S.C. § 1705(c).

Again, that has nothing to do with the ACCA. Zhukov simply cites to *Johnson* and insists that it be applied to his case -- without even attempting to explain how. Docs. 70 & 71. Meanwhile, it costs defendants nothing to file § 2255 motions (there is no filing fee in § 2255 cases), and Zhukov's casual consumption of judicial resources (the

Eleventh Circuit dismissed his direct appeal upon an *Anders* brief, doc. 67), indicates that he will not be deterred from continuing to do so in the future. Hence, the district judge should **DENY** Viacheslav Zhukov's §2255 motion and consider sanctions.[2]

The Court also recommends denial of a certificate of appealability (COA). A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in *Brown v. United States*, 2009 WL 307872, at *1-2

---

[2] *Miller v. Williams*, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (sanctioning abusive habeas filer, and citing, inter alia, *Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir. 1997) (imposing, inter alia, a $500 sanction on a *pro se* inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting "paper-less review" of any future collateral attack filings)), *adopted*, docs. 9 & 10 (S.D. Ga. Jun. 2, 2011); *United States v. Hall*, CV493-045 doc. 21 at 8-9 (S.D. Ga. Mar. 21, 2010) (imposing $200 sanction against serial habeas filer and instituting "paper-less review" of any future filings); *see also See Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing *in forma pauperis* petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases or from litigating in state courts), *applied* to enjoin further habeas relitigation in *Harris v. St. Lawrence*, 2010 WL 4279534 at * 2 (S.D. Ga. Sep. 20, 2010), *adopted*, 2010 WL 4279524 (S.D. Ga. Oct. 25, 2010); *Capers v. Missouri*, 2011 WL 2600560 at * 2 (S.D. Ga. June 10, 2011) (dismissing a successive habeas petition where the petitioner "deceitfully advanced" it "via [a] lie of omission").

(S.D.Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues regarding the instant motion, so no COA should issue. 28 U.S.C. 2253(c)(1); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted.").

**SO REPORTED AND RECOMMENDED,** this  22nd  day of June, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA